IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFRED PARKER,

    Plaintiff,

vs.

DERRAL ADAMS, et al.,

    Defendants.
_____/

CV F 04 6115 OWW  WMW P

<u>FINDINGS AND RECOMMENDATION</u>

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff is an inmate in the custody of the California Department of Corrections at The California State Prison at at Corcoran. Plaintiff brings this lawsuit against the Warden at the California Substance Abuse Treatment Facility and Dr. Bussel, a staff psychiatrist.

    Plaintiff's sole claim in this action is that Dr. Bussel discontinued a medication that he had earlier prescribed for plaintiff. Plaintiff alleges that Dr. Bussel discontinued the medication, without warning, and that he suffers as a result. Plaintiff has difficulty reading and writing, and "suffers mentally and physically."

    In an earlier order dismissing the original complaint, the court noted the following. Under the Eighth Amendment, the government has an obligation to provide medical care to those who

are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

The court advised Plaintiff that he had not alleged facts that indicate Dr. Bussel was aware of, and disregarded, a serious risk to Plaintiff's health or safety, resulting in injury to Plaintiff. That Dr. Bussel discontinued Plaintiff's medication does not, of itself, subject him to liability for deliberate indifference. Plaintiff's allegations, at most, state a disagreement with Dr. Bussel's course of treatment. A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

In response to that order, Plaintiff filed a first amended complaint. In the first amended complaint, Plaintiff essentially restates the allegations of the original complaint. Plaintiff does provide more factual specificity - he indicates that the medication at issue was addictive and that he suffered withdrawal symptoms. Plaintiff adds that he was placed on another medication, Tranzado, but that in June of 2004, Dr. Brussel began to discontinue that medication.

Plaintiff alleges no facts to indicate that Dr. Brussel knew of and disregarded a serious risk to plaintiff's health. There are no facts alleged that indicate the decision to discontinue the medication was taken in order to cause harm to Plaintiff. That Plaintiff disagrees with that decision, or suffered adverse symptoms because of it, does not subject Dr. Brussel to liability. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th

Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

In the order dismissing the original complaint, the court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted. Because Plaintiff has cured the defects identified in that order, the court recommends dismissal of the claims made in the first amended complaint with prejudice for failure to state a federal claim upon which the court could grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 20, 2006**          /s/  **William M. Wunderlich**
mmkd34                                UNITED STATES MAGISTRATE JUDGE